# United States District Court

_____ DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA

v.

DOLENA GRAYSON,

(Name and Address of Defendant)

Criminal Complaint

06-03m-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 5, 2006, in New Castle County, in the District of Delaware and elsewhere defendant(s), (Track Statutory Language of Offense)

did, with intent to defraud, pass, utter, and possess counterfeited securities, e.g., counterfeit checks,

in violation of Title ____18____ United States Code, Section(s) 513 .

I further state that I am a(n) Special Agent, U.S. Secret Service and that this complaint is based
                                    Official Title
on the following facts:


SEE ATTACHED AFFIDAVIT


Continued on the attached sheet and made a part hereof:    YES

FILED
JAN 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Signature of Complainant

Andrew Balceniuk, Special Agent
U.S. Secret Service

Sworn to before me and subscribed in my presence,

January 5, 2006                            at    Wilmington, DE
Date                                              City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                    _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

AFFIDAVIT OF SPECIAL AGENT ANDREW BALCENIUK

I, Andrew Balceniuk, being duly sworn, depose and say:

1. Your affiant is a Special Agent with the U.S. Secret Service and has been so employed since October 2002. Your affiant is currently assigned to the Wilmington, Delaware, Resident Office. Your affiant's duties include the investigation of counterfeit checks and the use of these checks to defraud. The training given to U.S. Secret Service Special Agents includes approximately six months of field and classroom training in all aspects of the production of counterfeit checks, the process in which these checks are illegally used and obtained, and how computers are used to create counterfeit checks. Prior to your affiant's employment with the U.S. Secret Service, your affiant was employed as an Inspector by the Bureau of Alcohol, Tobacco and Firearms.

2. On 2/15/05, your affiant was contacted by a fraud investigator for Wilmington Savings Fund Society (WSFS) regarding a counterfeit commercial check investigation involving Dolena Grayson.

3. The investigator stated that, on 1/25/05, William Burton opened a business checking account at the Glen Eagle WSFS branch and, on 1/26/05, deposited into that account two counterfeit commercial checks, #952114 and #952124, totaling $50,630.99 and made payable to Burton Contracting and Construction. On 1/28/05, Burton returned to the Glen Eagle branch and received three $10,000 cashier's checks, one each made payable to Eugene Adams, to Dolena Grayson Catering, and to F.C. Kerbeck.

4. On February 25, 2005, your affiant and another special agent interviewed Burton at the Howard R. Young Correctional Institution in Wilmington, Delaware. Burton stated that in early January 2005, he was approached by Dolena Grayson with the proposition of making money. Burton stated that Grayson provided Burton with a check in the amount of $1,717.08 which they took to a check cashing business in Wilmington, Delaware. In return for cashing the check, Burton received $40.00 and Grayson received the remainder. Burton stated that the following day Grayson introduced Burton to Eugene Adams and was told that Adams was "the master-mind behind the checks". Burton provided Adams with his name and address and was told that Adams would be in touch with him. The following day Grayson picked up Burton and then picked up Adams from a Dollar Tree store in Wilmington, Delaware. Adams provided Burton with approximately ten checks made payable to Burton which Burton and Grayson then cashed at various check cashing businesses in the Wilmington area. In late January, Burton stated that he opened a business account in the name of Burton

Construction at the WSFS Branch in Glen Mills, Pennsylvania. Burton stated that he opened an account with approximately $53,000.00 in checks provided by Grayson and Adams. With a portion of the money he had deposited, Burton stated he acquired three $10,000.00 cashier's checks; one each made payable to Eugene Adams, Dolena Grayson Catering and F.C. Kerbeck. Burton gave the cashier's checks to Grayson and Adams. Burton stated that he knew Grayson cashed her check at a WSFS Branch on Dupont Highway, but did not know where Adams cashed his. Burton was shown a photograph provided from a WSFS security camera and identified the subject in the photo as Grayson.

5. In July 2005, your affiant met with a cooperating witness (CW) on an unrelated case. While discussing that case, the CW stated that she knew of a group that was passing counterfeit checks. She stated that Dolena Grayson was involved as well as a man using the name "G". The CW stated that she had heard that "G" has contacts within Wilmington Trust Company and MBNA Bank, both headquartered in Wilmington, Delaware, and that Grayson works with him recruiting people to cash the checks.

6. On July 7, 2005, the CW contacted your affiant at the Wilmington, Delaware Resident Office via telephone and stated that she had Grayson waiting on a three-way connection. The CW stated that she had told Grayson that your affiant was a person interested in making some extra money and wanted to hear how the check scheme worked. At that point, Grayson was connected to our conversation and explained to your affiant that your affiant would be asked to provide some identification, probably a driver's license. Grayson would use the identification to create a fake driver's license with your affiant's picture but different identifiers. Your affiant was to use the fake identification to open 3 business accounts into each of which your affiant would deposit a $5,000.00 check provided by Grayson. The next day your affiant was to withdraw the first $5,000.00 and deposit another $5,000.00 in the form of a check provided by Grayson. Your affiant was to follow this procedure three days in a row, withdrawing $5,000.00 then depositing an additional $5,000.00. The money your affiant received was to be split among Grayson, the CW and your affiant.

7. On 7/12/05, the CW agreed to make a consensually monitored and recorded telephone call to Grayson. Grayson, believing she was trying to recruit us, explained to your affiant and another special agent that we would provide our driver's licenses to her and she would use them to manufacture fake identification that we would use to open business accounts. We were to deposit checks provided by "people she knew", and then withdraw the money the following day.

8. On 12/2/05, the CW made a second consensually monitored and recorded telephone call to Grayson. The CW asked Grayson if she would be able to help her with a financial problem by providing her with $40,000.00 in counterfeit checks. In exchange for the checks, the CW would cash them in her personal account and give $20,000.00 to Grayson. Grayson stated that she would be able

to provide the checks and would set up a time with the CW the following Monday or Tuesday to conduct the transaction.

9. On 1/5/06, the CW telephoned Grayson in order to set up a meeting place for delivery of several checks. Your affiant listened to the conversation in which Grayson told the CW that she was in personal possession of the checks this morning, and would not need to pick them up from anyone else.

10. On 1/5/06, Grayson met with the CW in the parking lot in front of Helzberg Diamonds, 4451 Concord Pike, Wilmington, Delaware, where several agents of this Service including your affiant, as well as several members of the Delaware State Police, observed Grayson hand over a white envelope to the CW. The CW turned the envelope over to another agent who opened the envelope and saw that it contained four counterfeit commercial checks totaling approximately $60,000.

Based on my investigation, your affiant submits that there is probable cause to believe that Dolena Grayson has violated 18 USC 513, making, possessing or uttering counterfeited securities.

WHEREFORE, your affiant prays that this Court issue an arrest warrant for Dolena Grayson.

Andrew Balceniuk
Special Agent
United States Secret Service