Filed in open court
fmt 5/30/06

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-05-SLR |
| DOLENA GRAYSON, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Dolena Grayson, by and through her attorney, Thomas Ivory, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Dolena Grayson, agrees to plead guilty to Count One of the Indictment which charges the defendant with possession of counterfeited securities in violation of 18 U.S.C. § 513(a). The maximum penalties for this offense are 10 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (a) that the defendant possessed a counterfeited security of an organization, e.g. a business that operates in interstate commerce; (b) with the intent to defraud, that is, intending to cheat someone.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts:

On or about January 5, 2006, the defendant gave another person four counterfeit commercial checks totaling $60,115.43. In exchange, the other person promised to take the checks to a bank, cash them, and then give the defendant ~~50%~~ *a portion* of the amount received. BM-S 5/4/69 DG

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B1.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that the value of the counterfeit checks, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was more than $120,000 but less than $200,001. The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. Finally, the defendant understands that the Court may reject any sentencing guideline calculation and/or recommendation contained in this paragraph and that such rejection will not provide a basis for the defendant to attempt to withdraw her guilty plea.

5. The defendant agrees to pay the $100 special assessment at the time of sentencing.

6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings,

including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

8. The defendant agrees to cooperate fully and truthfully with the Government as follows:

a. Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury. The defendant understands that if her prior statements to the Government are untruthful in any material way this agreement is violated and becomes void.

b. Defendant agrees to provide all information concerning her knowledge of, and participation in, the subject matter of the Indictment of which she has knowledge.

c. Defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

d. Defendant agrees to testify as a witness before any Grand Jury, hearing, or trial when called upon to do so by the Government.

e. Defendant agrees to hold herself reasonably available for any interviews as the Government may require.

f. Defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any crime.

g. Defendant understands that her cooperation shall be provided to any law

enforcement agency as requested by counsel for the Government.

  h. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until her cooperation is complete.

  i. Defendant agrees and understands that this agreement requires that her cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

  j. Defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, other than violations or traffic offenses, between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government, and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.

  9. If the Government in its sole discretion determines that the defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the Government will:

  a. Make the nature and extent of the defendant's cooperation known to the Court.

  b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, 28 U.S.C. §994(n), and 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person

who has committed an offense. The defendant understands that her debriefing and cooperation have not yet been completed and that a debriefing does not amount to substantial assistance.

   c. Make whatever sentencing recommendation the Government deems appropriate.

  10. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which she may testify.

  11. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

|  |  |
|---|---|
| _(signature)_<br>Dolena Grayson<br>Defendant<br><br>_(signature)_<br>Thomas Ivory, Esq.<br>Attorney for Defendant<br><br>Dated: May 30, 2006 | COLM F. CONNOLLY<br>United States Attorney<br><br>BY: _(signature)_<br>Beth Moskow-Schnoll<br>Assistant United States Attorney |

5

**AND NOW**, this 30th day of May, 2006, the foregoing Memorandum of Plea Agreement is hereby ((accepted)) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
Chief United States District Court Judge